IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LASHEKA MONTGOMERY, et. al.,

    Plaintiffs,

        v.

ACE INSURANCE COMPANY, et al.

    Defendant.

CIVIL NO.: 16-2073 (MEL)

**OPINION AND ORDER**

On February 17, 2017, Lasheka Montgomery, Matthew Montgomery, and Tanysha Handy ("Plaintiffs") filed a second amended complaint against ACE Insurance Company, Toro Verde Corp., Oroverde Corp., CHUBB Insurance Company, and John Doe, Inc. ("Defendants"), seeking damages for Defendants' alleged negligence in causing a zip-lining accident.[1] ECF No. 43-1. Pending before the court is a motion to dismiss the second amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). ECF No. 110. In the pending motion, Defendants contend that all three Plaintiffs signed "Participation, Waiver, Assumption of Risk, Indemnification, Hold Harmless and Release of Liability Agreements" which stated that any legal proceedings related to the agreements would be carried out exclusively in the state courts of the Commonwealth of Puerto Rico. Id. at 2. Plaintiffs filed a response in opposition to the motion to dismiss in which they argue that Defendants' motion is procedurally and substantively improper, and that Defendants should be

---

[1] The second amended complaint also includes claims against Paulson PVR Holdings, LLC and CHUBB Insurance Company in its capacity as its insurer; however, the claims against these parties have been dismissed. ECF No. 92.

estopped from raising the forum selection clause. ECF No. 111, at 1–2. Defendant filed a reply to the response in opposition. ECF No. 117.

## I. MOTION TO DISMISS STANDARD UNDER RULE 12(B)(6)

When considering a motion to dismiss under Rule 12(b)(6), the court must limit its focus to the allegations of the complaint. Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id. An evaluation of a motion to dismiss under Rule 12(b)(6) requires the court to "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'" Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson, 83 F.3d at 3. In order to survive a motion to dismiss, Plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in Plaintiff's favor, the court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

The Supreme Court held in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.' Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief

above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Twombly, 550 U.S. at 555, 570) (citation omitted). Although Twombly was decided in the antitrust context, the Supreme Court has held that the standard expounded in that decision applies to "all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

## II. LEGAL ANALYSIS

Plaintiffs raise three arguments as to why the motion to dismiss should not be granted. First, they argue that the motion is procedurally improper because it was filed after Defendants filed their answer to Plaintiffs' second amended complaint. Second, Plaintiffs argue that the motion is substantively improper because the forum selection clause is a document separate from the pleadings. Third, Plaintiffs argue that Defendants should be estopped from raising the forum selection clause.

Turning to Plaintiffs' first argument, the First Circuit "treat[s] a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014) (quoting Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009)). See also Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387 (1st Cir. 2001) ("Appellant misconstrues the law of this Circuit, under which a motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)."). It follows that in the First Circuit, a motion to dismiss in light of a forum selection clause is covered by Rule 12(h)(2), which states that "[a] defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Silva, 239 F.3d at 388 (quoting Fed.R.Civ.P. 12(h)(2)). Accordingly, a motion to dismiss

based on a forum selection clause "may be raised at any time in the proceedings before disposition on the merits." Id. Here, Plaintiff's case has not yet been adjudicated on the merits. Thus, Plaintiff's first argument against granting the motion to dismiss is without merit.

Moving on to Plaintiffs' second argument, Plaintiffs are correct that normally "[u]nder Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint." Rivera, 575 F.3d at 15 (quoting Trans–Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). However, the First Circuit has recognized an exception for documents, the authenticity of which are not disputed by the parties. Id. See also Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When … a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). In their response in opposition to the motion to dismiss, Plaintiffs did not dispute the authenticity of the agreements containing the forum selection clause. See ECF No. 111. Thus, the court may consider the agreements as part of its review of the motion to dismiss. See Claudio-De Leon, 775 F.3d at 46 (finding that employment contracts containing forum selection clauses, the authenticity of which were not disputed, could be considered in deciding a motion to dismiss under Rule 12(b)(6)).

Finally, Plaintiffs contend that Defendants should be estopped from raising the forum selection clause because the motion to dismiss was not filed until almost two years after Plaintiffs filed their original complaint and the parties have since undertaken substantial discovery. In Claudio-De León, the First Circuit addressed, and ultimately rejected, a similar argument in adjudicating a motion to dismiss based on a forum selection clause. Id. at 49. In that case, the plaintiffs argued that the defendants had waived their right to raise the forum selection clause

because the defendants waited until eleven months after the filing of the suit to invoke the forum selection clause and discovery was well under way. Id. The First Circuit found that no waiver had occurred because a motion to dismiss based on a forum selection clause may be raised at any time in the proceedings before disposition on the merits, and the plaintiffs' claims were never disposed of on the merits. Id. Acknowledging that "waiting so long to enforce the clause d[id], at first blush, appear unfair to [the plaintiffs]," the First Circuit nonetheless concluded that "there [wa]s nothing in the record to suggest that any potential unfairness r[ose] to the level of being 'unjust' or 'unreasonable.' Indeed, if [the plaintiffs] wanted to avoid any seeming unfairness, they should have filed their suit in the proper forum to begin with." Id. Accordingly, Plaintiffs' argument that Defendants should be estopped from raising the forum selection clause is untenable.

Having disposed of Plaintiffs' arguments, the court will grant the motion to dismiss without prejudice. Under federal law, the first question in interpreting a forum selection clause is whether the clause is permissive or mandatory.[2] Rivera, 575 F.3d at 17. Permissive forum selection clauses *authorize* venue in a designated forum, while mandatory forum selection clauses decree that venue is appropriate *exclusively* in the designated forum. Id. Here, the forum selection clause states that disputes "*shall* be carried out exclusively in the state courts of the Commonwealth of Puerto Rico." ECF No 110-1, at 2, 5, 8 (emphasis added). The forum selection clause is clearly mandatory. See Claudio-De León, 775 F.3d at 46 ("[I]t is axiomatic that the word 'shall' has a mandatory connotation."). The next step of the analysis is to ascertain the scope of the forum selection clause. The clause covers "any claim, suit, litigation or legal proceeding related to [the agreement]," which includes the matter at hand. Lastly, it must be determined "whether there is some reason the

---

[2] Although this is a suit based on diversity, there is no need to address whether forum selection clauses are substantive or procedural for Erie purposes because "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses." Rivera, 575 F.3d at 16 (quoting Silva, 239 F.3d at 387 n. 1).

presumption of enforceability should not apply." Id. at 48 (quoting Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir.2010)). "[A] forum selection clause should be enforced unless the resisting party can show 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching ... [or that] enforcement would contravene a strong public policy of the forum in which suit is brought.'" Rivera, 575 F.3d at 18 (quoting M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972)). Plaintiffs have not argued that the forum selection clause was obtained through fraud or overreaching or that public policy advises against its enforcement. See ECF No. 111. While Plaintiffs contend that granting Defendants' motion would "strip[ ] [them] of their day in court," this is clearly not the case because the state courts of the Commonwealth of Puerto Rico remain available to them. Id. at 3.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) (ECF No. 110) is GRANTED. The complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 30th day of November, 2018.

s/Marcos E. López
U.S. Magistrate Judge